### T. & P. R. R. Co. v. Kirby Brothers.

(No. 1158, Op. Book No. 3, p. 151.)

APPEAL from Bowie County.  Opinion by WHITE, P. J.

§ 564. *Contributory negligence; charge on the weight of evidence.*  Appellees brought this suit before a justice of the peace, to recover $135 damages for the killing of two work oxen, the crippling of another, and for injuries to a wagon, which damages were alleged to have been caused by appellant's agents and servants in charge of a

freight train, while passing a public crossing over appellant's railway, on which crossing appellees' driver had driven the wagon and team just before appellant's engine and train reached the crossing. Also damages for one ox killed "while running on the range." Judgment was rendered in justice's court for the plaintiffs. Defendant appealed to the county court, and upon trial in that court appellees proved the kil.ing of the .two work oxen and their value, and the damage sustained by crippling another ox and by injuring the wagon. Another ox was proved to have been killed while "running on the range," but the testimony did not disclose whether this last ox was killed on the appellant's railroad track or at any particular place. Appellant proved that the track where the injury occurred was straight, and that a person standing on or near the track could see an approaching train in ample time to have taken precautions for his safety. Near the track, but not on appellant's right of way, was a saw mill, which, at the time of the disaster, was in operation and making such noise that a person at the crossing could not hear an approaching train. On the side from which the train approached was a sawdust pile, obscuring the view that way. Appellant claimed that its servants and agents in charge of its train exercised due caution in approaching the crossing, and that appellees' driver was very negligent in entering upon the track; not attempting to look out for an approaching train, and well knowing that the noise of the saw mill was such that he could not hear it. The pile of sawdust which obstructed the view of the track was on the right of way of appellant. The train which occasioned the damage rang the bell and blew the whistle, as required by law, before reaching the crossing. Judgment was again rendered for appellees. The main ground relied upon for a reversal of the judgment was that the charge of the court was upon the weight of the evidence, and did not present the law of the case. A bill of exceptions, which was reserved at the time to the charge, presents the objections urged, but,

without discussing them *seriatim*, we reproduce the charge itself, *verbatim et literatim*, as we find it in the transcript, as follows, viz.: " Kirby Bros. v. T. & P. R'y Co. No. 73. Charge of the court. Suit for damages for killing and crippling oxen and damaging wagon, and the killing one ox on the range. 1. Contributory negligence is that which contributes to the injury of any person or thing by the careless handling of any railroad or machine, or instrument, in the hands of another; or contributory negligence may be attributed to any person in not looking out for his own safety. 2. Contributory negligence is set up and has been ably discussed by the attorneys on both sides of this case, which is submitted for your deliberations. 3. It is the opinion of the court that the Texas & Pacific Railroad Co. was guilty of contributory negligence in allowing a sawdust pile to accumulate on her right of way, and so near the track and a general road crossing, to such a height and length as to entirely obscure the approach of any traveler or team until within a few feet of the track, as the presumption is that railroads must keep their right of way clear of all obstructions, so that any one approaching the track may be seen by train hands, or that the travelers may see the train or locomotive. 4. It is further the opinion of the court that the plaintiff, through his driver, was also guilty of contributory negligence, in not exercising greater caution on approaching the track of said road, knowing that trains passed at any and all hours of the day, and that the noise of the mill and machinery was such as to render it difficult, if not impossible, to hear the bell or whistle of the train. 5. The jury will consider the evidence introduced on contributory negligence, and if the preponderance of evidence, as they believe, is in favor of plaintiffs, they will find a verdict in their favor for the amount claimed, and against railroad company. 6. But if they find a preponderance in the evidence of contributory negligence in favor of the railroad company, they will find verdict in favor of said company, and against plaintiffs,

as to damages claimed by plaintiffs for killing the two oxen, wounding one, damages to the wagon. 7. The jury will render verdict in favor of the plaintiffs for the value of the oxen killed on the range, and against defendants. Respectfully submitted, W. H. Elliott, county judge." The charge is obnoxious to the objections urged to it, in that it invades the province of the jury; expresses the court's opinions as to the facts; is upon the weight of evidence, and is erroneous, because, in the last clause, it actually directs the jury to find for the plaintiff unqualifiedly, "the value of the oxen killed on the range."

November 26, 1881.　　　　Reversed and remanded.